UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | No. 2:13-cv-1490 GGH P |
| Petitioner, | |
| v. | ORDER |
| SUPERIOR COURT OF BUTTE CO., et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this court's September 11, 2013 dismissal of his application for a writ of habeas corpus as successive. On December 13, 2013, the Ninth Circuit Court of Appeals remanded the matter to this court for a determination of whether a certificate of appealability should be granted or denied. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

/////

1

A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]

Petitioner has made a substantial showing of the denial of a constitutional right in the following issue(s) presented by the instant petition.  The underlying, initial petition in this case, 11-01223 LKK DAD P was dismissed on statute of limitations grounds.  At the time of ruling in the petition under review here, the undersigned was bound to apply McNabb v. Yates, 576 F.3d 1028 (9th Cir. 2009) (dismissal of habeas petition for failure to comply with statute of limitations renders subsequent petitions successive).  That holding has not been overturned.  However, in Cook v. Ryan, 688 F.3d 598, 608 (9th Cir. 2012), the court ruled that a Fed. R. Civ. P 60(b) motion attacking a previous, final ruling on *inter alia*, limitations grounds, was not attacking a ruling on the "merits," and hence could not be considered a successive petition.  The issue addressed in both cases (whether a previous petition dismissed for being untimely makes a second attack in habeas as one being "on the merits" of a conviction and "successive") appears similar, but the outcome of each case appears to be conflicting, and based simply on the form in which a petitioner makes his attack on the previous ruling, i.e., a second petition versus a Rule 60(b)motion.[2]  Perhaps an appellate ruling in this case could clear up the apparent confusion.

Accordingly, IT IS HEREBY ORDERED that:

1. A certificate of appealability is issued in the present action.

2. The Clerk of the Court shall serve this order on the Ninth Circuit Court of Appeals.

Dated: December 17, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause.  Jennings, at 1010.

[2] Cook itself involved a decision dismissing the claim on procedural default grounds, but the opinion expressly included limitations dismissals as being included in its pronouncement.